JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
By: Matthew R. Shahabian
Jane Y. Chong
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
Telephone: (212) 637-1046/2263

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>$106,410 IN UNITED STATES CURRENCY<br><br>Defendant-*in-rem*. | :<br>:<br>:<br>: | **VERIFIED COMPLAINT FOR FORFEITURE**<br><br>26 Civ. 9264 |

Plaintiff United States of America, by its attorney James M. McDonald, United States Attorney for the Southern District of New York, for its verified complaint, alleges, upon information and belief, as follows:

## I. JURISDICTION AND VENUE

1. This is a civil action *in rem* commenced by the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(A) seeking the forfeiture of $106,410 in United States currency (the "Defendant-*in-rem*").

2. This Court has original jurisdiction over this forfeiture action pursuant to Title 28, United States Code, Section 1345 and 1355.

3. Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because certain actions and omissions giving rise to forfeiture took place in the Southern District of New York.

4. As set forth below, there is probable cause to believe that the Defendant-*in-rem* is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A), as property involved in a money laundering transaction, in violation of Title 18, United States Code, Sections 1956.

## II. PROBABLE CAUSE FOR FORFEITURE

5. In or around May 2020, a Homeland Security Investigations ("HSI") task force (the "Task Force") began investigating a New York City and Northern New Jersey-based criminal network that was arranging and receiving quantities of narcotics originating from California and laundering the illicit proceeds. During the course of the investigation, the Government identified an individual as a suspect involved in the criminal network (the "Suspect").

6. On or about July 22, 2021, the Task Force was conducting surveillance in the vicinity of an apartment building located at 4225 80th Street, East Elmhurst, New York (the "Building"). During this time, the Task Force observed a suspected money launderer ("Individual-1") exit the Building with a weighted black shopping bag (the "Bag") and walk to the intersection of Baxter Ave. and Ithaca St., East Elmhurst, New York.

7. At approximately 6:50 p.m., the Task Force observed Individual-1 approach a blue Toyota Corolla (the "Vehicle"), and place the Bag into the Vehicle through the passenger side window and walk away from the Vehicle.

8. At approximately 6:53 p.m., the Task Force approached the Vehicle and encountered the driver and registered owner of the Vehicle ("Driver"). The Task Force identified themselves as law enforcement and asked the Driver about the Bag that had just been placed in the Vehicle. The Driver indicated to the Bag located on the passenger side floorboard and advised that the Bag should contain money. The Driver advised that the money was not his and he did not know

the person that just dropped it off. The Driver further provided consent to retrieve the shopping bag. The Task Force retrieved the bag and discovered approximately $40,000 in United States currency, bundled in a manner consistent with drug proceeds.

9. At approximately 7:00 p.m., the Task Force observed Individual-1 return to the Building. The Task Force approached Individual-1 in the lobby of the Building and identified themselves as law enforcement. The Taks Force asked Individual-1 if he resided in the building and if so, which apartment. Individual-1 stated he did not reside in the Building and could not provide an apartment that he was going to. After further investigation, the Task Force discovered Individual-1 was staying in a certain apartment in the Building (the "Apartment").

10. The Task Force knocked on the door of the Apartment and an individual, later identified to be the Apartment's lease holder (the "Tenant"). The Task Force identified themselves as law enforcement officers and asked the Tenant if he was in the Apartment alone.

11. The Tenant that he was staying at the Apartment with his boyfriend. The Task Force presented a photo of Individual-1 to the Tenant who stated that Individual-1 was not his boyfriend, but Individual-1 was also staying at the Apartment. The Tenant further stated that his boyfriend was the Suspect who was currently inside the Apartment.

12. The Task Force asked for consent to search the Apartment, to which the Tenant verbally provided. During the search, the Task Force encountered the Suspect hiding in the bathroom. The Task Force further observed a shoebox in the shower. Within the contents of the shoebox, the Task Force discovered the Defendant-*in-rem*, specifically $106,410 in bundled United States currency packaged in a manner consistent with narcotics proceeds. The Suspect claimed ownership of the currency.[1]

---

[1] The Defendant-*in-rem* consisted of the following currency denominations: 3,790 one dollar

13. The Task Force observed a money counter and packaging materials (rubber bands and wrappings) in the hallway leading to the bathroom in the Apartment.

## III. CLAIM FOR FORFEITURE

**Forfeiture Under 18 U.S.C. § 981(a)(1)(A)**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)**

14. Paragraphs 1 through 14 of this Complaint are repeated and re-alleged as if fully set forth herein.

15. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

16. Title 18, United States Code, Section 1956(a)(1) imposes criminal penalties on any person who:

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . (A)(i) with the intent to promote the carrying on of specified unlawful activity…or (B) knowing that the transaction is designed in whole or in part (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity[.]

17. Under Title 18, United States Code, 1956(c)(7)(A), "specified unlawful activity," includes, among other things, "any act or activity constituting an offense listed in section 1961(1) of this title." Title 18, United States Code, Section 1961(1) lists as an offense

---

bills, 816 five dollar bills, 381 ten dollar bills, 2,074 twenty dollar bills, 559 fifty dollar bills, 253 one hundred dollar bills. It is common for individuals involved in both narcotics trafficking and money laundering of narcotics proceeds to move large quantities of cash bundled in small denominations.

"racketeering activity," which includes, among other things, "any act ... dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year."

18. By reason of the foregoing, the Defendant-*in-rem* is subject to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(A), as property involved in a money laundering transaction or an attempted money laundering transaction, in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

## IV. CONCLUSION

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant-*in-rem* and that all persons having an interest in the Defendant-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant-*in-rem* to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
October 21, 2026

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: MATTHEW SHAHABIAN Digitally signed by MATTHEW SHAHABIAN Date: 2026.10.21 14:24:08 -04'00'

Matthew R. Shahabian
Jane Y. Chong
Assistant United States Attorneys
26 Federal Plaza
New York, New York 10278
Telephone: (212) 637-1046/2263

**DECLARATION OF VERIFICATION**

Jesse Imbergamo, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Special Agent with the Homeland Security Investigations ("HSI"); that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

Executed on October 21, 2026

JESSE S IMBERGAMO
Digitally signed by JESSE S IMBERGAMO
Date: 2026.10.21 16:19:33 -04'00'

Jesse Imbergamo
Special Agent
HSI